JOSEPH WILLY, Administrator, etc., Respondent, v. PATRICK MULLEDY, Appellant.

Where a statute imposes a duty upon a citizen, any person having a special interest in the performance thereof may sue for a breach, causing him injury.

By the charter of the city of Brooklyn, of 1863 (§ 37, tit. 13, chap. 863, Laws of 1863), an absolute duty is imposed upon the owners of tenement-houses to have places of egress to the roofs, and also to have fire-escapes upon such houses; this duty is for the benefit of the tenants, and for a breach thereof, causing damage, a tenant may maintain an action against his landlord.

The landlord is not permitted to wait until directed by the commissioners of the department of fire and buildings to provide a fire-escape; he is bound to provide such an one as they shall direct and approve, and it is for him to procure their direction and approval.

Where a tenant took rooms in a house unprovided with a fire escape, which rooms he occupied for three days before the occurrence of a fire, *held,* that he was not debarred by such occupancy from recovering his damages, in the absence of any express stipulation against, or waiver by, the tenant of the performance of this duty, or of proof of an intention on his part to take and occupy the rooms without a fire-escape, or of evidence that he knew that there was none; that he owed no duty to his landlord to examine to see if there was a fire-escape, but had the right to assume that the statutory duty had been performed.

*It seems,* that if the tenant had, after taking possession, discovered the absence of a fire-escape, this would not have absolved the defendant from the performance of his duty, or cleared him from liability; that the tenant was not bound at once to leave the house, but had a reasonable time to look for and move into other apartments, or to notify the landlord to furnish the fire-escape if he did not choose to move.

In an action brought to recover damages for the death of the wife of a tenant who occupied rooms in the rear of a house which was not provided with a fire-escape, and which was destroyed by fire, causing such death, it appeared that if a fire-escape had been placed at the rear of the house the deceased could, and probably would, have escaped; there was no proof as to where fire-escapes are usually placed, or whether the front or rear of this house would have been the most suitable place for one. *Held,* that it was proper to assume from the structure of the house and of fire-escapes, that one would probably have been placed in the rear; and that the jury were justified in finding that the deceased would have escaped had the defendant discharged his duty.

Defendant had once provided a ladder to reach the scuttle in the roof, but there had been none there for many months before the fire; the evidence tended to show that the deceased knew where the scuttle was,

that she had time after notice of the fire to reach it, and that, as she was making efforts to escape, she probably tried to escape in that direction and failed for want of the ladder. *Held*, that this was sufficient to authorize a verdict for plaintiff.

(Argued September 22, 1879; decided September 30, 1879.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Thomas E. Pearsall*, for appellant. In a case where the circumstances admit of two inferences, either of which is equally probable, one in favor of plaintiff and the other in favor of defendant, plaintiff should be nonsuited. (*Codell* v. *N. Y. C. and H. R. R. R. Co*, 75 N. Y., 303; *Robbins* v. *Mount*, 4 Robt., 554; *Ryan* v. *Thompson*, 6 J. & S., 133.) In order to recover plaintiff must establish that defendant owed some specific, clear legal duty to the deceased, the omission to perform which resulted in the death of plaintiff's intestate. (*Nicholson* v. *Erie R. Co.*, 41 N. Y., 529; Laws 1847; chap. 450.) A tenant takes premises at his own risk, in the condition they are at the time of hiring, unless there is some false representation or fraudulent concealment. (*Jaffe* v. *Harteau*, 56 N. Y., 398; *O'Brien* v. *Capwell*, 59 Barb., 497; *McGlashau* v. *Talmadge*, 37 id., 313; *Cleaves* v. *Willoughby*, 7 Hill, 86.)

*A. Simis, Jr.*, for respondent. It was the duty of the defendant to provide the building with a fire-escape and ladder. (S. L., 1873, § 36, p. 1354; *McAlpin* v. *Powell*, 70 N. Y., 126.) One who receives special injury by the breach of a statutory duty may maintain an action on the case against the wrong doer for such injury. (*McAlpin* v. *Powell*, 70 N. Y., 126; *Jetter* v. *N. Y. and H. R. R. Co.*, 2

Abb. Ct. of Ap., 458; *Heeney* v. *Sprague*, 11 R. I., 451; Sedgwick on Stat., 92.) The imposition of a penalty, not for the benefit of the one damnified, is no bar to such an action. *Aldrich* v. *Howard*, 7 R. I., 199; *Couch* v. *Steel*, 3 Ell. & Black, 414; *Dudley* v. *Mahew*, 3 N. Y., 15.) The failure of a person to perform a duty imposed upon him by statute is evidence of negligence. (*Clemance* v. *City Auburn*, 66 N. Y., 344; *Jetter* v. *N. Y. and H. R. R. Co.*, 2 Abb. Ct. of Ap., 458.) Breach of a statutory or public duty is a pure tort and whoever is injured thereby has an action on the case for damages, irrespective of any special relation existing between the wrong doer and the one damnified. (Cooley on Torts, 654; S. & R. on Negligence, § 4; *Thomas* v. *Winchester*, 6 N. Y., 397.) Defendant's building by virtue of the statute became a public nuisance. (*Fire Department* v. *Williamson*, 16 Abb., 195.) In the absence of contributory negligence the wrong doer is responsible for all injuries irrespective of the question of his negligence. (*Congrove* v. *Smith*, 18 N. Y., 79; *Irvine* v. *Wood*, 57 id., 224; *Francis* v. *Schoellkoff*, 53 id., 152.) The common law rule of *caveat emptor*, and of repairs is no defense. (S. & R. on Negligence, § 514; *Totten* v. *Phipps*, 52 N. Y., 354; 32 Conn., 21–40; Bigelow on Estoppel, 506; *Capens* v. *Washington Ins. Co.*, 12 Cush., 517–535.) The mere relation of landlord and tenant did not bar this action. (*Robbins* v. *Mount*, 4 Robt., 553; *Johnson* v. *Dixon*, 1 Daly, 178; *Eakin* v. *Brown*, 1 E. D. Smith, 43; *Warren* v. *Kaufman*, 2 Phil., 259; Taylor on Landlord and Tenant, § 321; *Blauvelt* v. *Woodward*, 31 N. Y., 287; *Cohen* v. *Marshall*, 44 Ga., 489.) Notice to the defendant of the condition of the building was not necessary to fix his liability. (*McCarty* v. *Syracuse*, 46 N. Y., 194; *Hover* v. *Barkhoof*, 44 id., 113; Wood on Nuisances, §§ 27–28; 3 Wait's Act and Defenses, 449; *Commonwealth* v. *Raymond*, 97 Mass., 569.) The deceased was not guilty of contributory negligence. (*Jetter* v. *N. Y. and H. R. R. Co.*, 2 Abb. Ct. of Ap., 458; *Hewson* v. *N. Y. C. R. R. Co.*, 29 N. Y., 383; S. & R. on Negligence, § 354; *Totten* v.

*Phipps*, 52 N. Y., 354; *Johnson* v. *Hudson R. R. R.* (*supra*); *Thurber* v. *Harlem, B., M. and F. R. R. Co.*, 60 N. Y., 326; *Coulter* v. *Amer. Merch. Ex. Co.* 56 id., 585; *Ireland* v. *Oswego R. R. Co.*, 13 id., 533.)

EARL, J. This is an action to recover damages for the death of plaintiff's wife, alleged to have been caused by the fault of the defendant. Prior to the 1st day of November, 1877, the plaintiff hired of the defendant certain apartments in the rear of the third story of a tenement-house in the city of Brooklyn, and with his wife and infant child moved into them on that day. On the fifth day of the same month, in the day-time, a fire took place, originating in the lower story of the house, and plaintiff's wife and child were smothered to death.

It is claimed that the defendant was in fault because he had not constructed for the house a fire-escape, and because he had not placed in the house a ladder for access to the scuttle.

Section 36 of title 13 of chapter 863 of the Laws of 1873 provides that every building in the city of Brooklyn shall have a scuttle or place of egress in the roof thereof of proper size, and "shall have ladders or stairways leading to the same ; and all such scuttles and stairways or ladders leading to the roof shall be kept in readiness for use at all times." It also provides that houses like that occupied by the plaintiff " shall be provided with such fire-escapes and doors as shall be directed and approved by the commissioners (of the department of fire and buildings) ; and the owner or owners of any building upon which any fire-escapes may now or hereafter be erected, shall keep the same in good repair and well painted, and no person shall at any time place any incumbrance of any kind whatsoever upon said fire-escapes now erected or that may hereafter be erected in the city. Any person, after being notified by said commissioners, who shall neglect to place upon any such building the fire-escape herein provided for, shall forfeit the sum of $500, and shall be deemed guilty of a misdemeanor."

Under this statute the defendant was bound to provide this house with a fire-escape. He was not permitted to wait until he should be directed to provide one by the commissioners. He was bound to do it in such way as they should direct and approve, and it was for him to procure their direction and approval. No penalty is imposed for the simple omission to provide one. The penalty can be incurred only for the neglect to provide one after notification by the commissioners.

Here was, then, an absolute duty imposed upon the defendant by statute to provide a fire-escape, and the duty was imposed for the sole benefit of the tenants of the house, so that they would have a mode of escape in the case of a fire. For a breach of this duty causing damage, it cannot be doubted that the tenants have a remedy. It is a general rule, that whenever one owes another a duty, whether such duty be imposed by voluntary contract or by statute, a breach of such duty causing damage gives a cause of action. Duty and right are correlative; and where a duty is imposed, there must be a right to have it performed. When a statute imposes a duty upon a public officer, it is well settled that any person having a special interest in the performance thereof may sue for a breach thereof causing him damage, and the same is true of a duty imposed by statute upon any citizen: (Cooley on Torts, 654; *Hover* v. *Barkhoff*, 44 N. Y., 113; *Jetter* v. *N. Y. C. and H. R. R. R. Co.*, 2 Abb. Ct. of App. Dec., 458; *Heeney* v. *Sprague*, 11 R. I., 456; *Couch* v. *Steele*, 3 Ell. & Bl., 402.) In Comyn's Digest, *Action upon Statute* (F.) it is laid down as the rule that "in every case where a statute enacts or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for the recompense of a wrong done to him contrary to the said law."

There was no fire-escape for this house. But the claim is made on behalf of this defendant that he is not liable in this action, because the plaintiff and his wife knew, when they moved into the house and while they occupied the same, that

there was no fire-escape, and hence that they voluntarily took the hazard of its absence. It is undoubtedly true that the plaintiff could have stipulated against or have waived the performance of this duty imposed for his benefit, but this he did not do. There is no proof of any kind that it was the intention of the parties entering into their contract that he should take and occupy this house without a fire-escape. There is nothing to show that he knew there was no fire-escape there when he hired the apartments. It is not shown that his attention was in any way called to the matter or that he looked for one. Its absence could be discovered only by an examination outside of the house, and there is no evidence that he made such examination. He had the right to assume that the statutory duty had been performed. There is no proof that during his occupancy he discovered the absence of a fire-escape. He was there but three days, excluding the day upon which he moved in and the day upon which the fire occurred, and during that time it does not appear how much of the time he was in the house. There is certainly no evidence that he or his wife discovered that there was no fire-escape, or that their attention had been called to the matter. They owed no duty to the defendant to look and see whether there was one there or not. They had the right to rely upon its presence there as required by the statute. But suppose they did discover that there was no fire-escape at some time while there, after they moved in, does such discovery absolve the defendant from his duty? After making the discovery, they were not bound at once to leave the house and go into the street. They had a reasonable time to look for and move into other apartments; and by remaining for such reasonable time they waived nothing; and if they did not choose to move out, they were entitled to a reasonable time to find the defendant and to call upon him to furnish the fire-escape. By remaining in the house for such reasonable time after discovery of the breach of duty on the part of the defendant, it could not be said as matter of law that they waived the performance thereof or took upon

themselves voluntarily the hazard of all the damages which they might sustain by the non-performance thereof. The duty rested upon the defendant not solely to have a fire-escape there when the plaintiff leased the premises, but it continued to rest upon him; and before it can be held that the plaintiff absolved him in any way from this duty, the proof should be clear and satisfactory. Here, I hold, there was no proof whatever from which it could properly have been found that he did so absolve him.

But it was needful for the plaintiff to show not only that there was this breach of duty, but that the death of plaintiff's wife was due to such breach; that is, that her life would have been saved if there had been a fire-escape there. It is reasonably certain that if the defendant had placed the fire-escape at the rear of the house, constructed as they were required to be, that the deceased would have seen it and made her escape, as it would have been at one of the windows of the rear rooms which she occupied. But it is said that the defendant was not bound to place the fire-escape at the rear of his house, but that he could have placed it in the front of his house; and that if he had placed it there, she could not have escaped. It is probably true that she could not have escaped from the front of the house. But there is no proof where fire escapes are usually constructed, nor whether the front or rear of this particular house would have been the more suitable place for the fire-escape. I think we may assume from the manner in which the front part of this house was constructed, and from the structure of fire-escapes, that it is most probable that it would have been placed on the rear of the house. We think upon the whole case there was enough to authorize the jury to find that the deceased would have escaped, if the defendant had discharged his duty as the law required.

Many of the observations already made apply to the ladder for the scuttle. The duty to furnish and keep such a ladder was imposed mainly for the benefit of the tenants. It was the intention of the statute that they should have two means

of escape in the case of fire, one by the scuttle and another by the fire escape. It was the duty of the defendant to provide a ladder, and then to use reasonable care to keep it there in readiness for use. The defendant had once provided a ladder for this scuttle, but for many months before this fire, there had been none there. This the plaintiff and his wife did not know. They knew where the scuttle was, and they had the right to suppose that there was a ladder to reach it, as the law requires. Hence there was, or at least the jury had the right to find, that there was a breach of duty in this respect. But the claim is also made as to this, that there was not sufficient evidence to authorize the jury to find that the breach of this duty had any connection with the death of plaintiff's wife — that her life would have been saved if the ladder had been there. We think there was. The evidence was not very satisfactory. It is true that much is left, from the necessity of the case, to the weighing of probabilities. But the jury could find that the deceased knew where the scuttle was, that she had time after notice of the fire to reach it, and that as she was making efforts to escape, she probably tried to escape in that direction and failed for want of the ladder.

There was sufficient evidence, therefore, to authorize a verdict for the plaintiff, and we do not think the judgment should be reversed for other errors alleged.

There was no prejudicial error committed by the judge at the trial in receiving a copy of the printed specifications adopted by the commissioners, as to the material and manner of constructing fire-escapes. I think the evidence was wholly immaterial and harmless. The defendant was not charged with not building a fire-escape according to those specifications, but with wholly neglecting to build any. It was his duty to build one, and to apply to the commissioners for their directions and approval; and that they had adopted certain specifications, of which he would have been informed if he had called upon them, is of no account and had no possible bearing upon the result of the trial.

The court did charge in substance as requested, that the defendant was not liable unless the evidence established the fact that the deceased made an effort to escape through the scuttle, and was prevented from so doing by the absence of the ladder.

It was not error to refuse to charge that if the plaintiff and his wife knew that there was no fire-escape, then they could not recover. There was no evidence from which the jury could properly find that they knew this when they hired the premises; and if they learned it afterwards, for reasons above stated, it would not necessarily follow that the plaintiff could not recover.

Other allegations of error have been considered, and are found to be without substance.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.