DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## January,* 1886.

JULIA NUGENT, AS ADMINISTRATRIX, ETC., RESPONDENT, *v.*
LUCY VANDERVEER, APPELLANT.

*Act for the protection of human life at public bathing places — 1879, chap. 328 — does
not justify a recovery where the party is reckless or negligent.*

Although chapter 328 of 1879, providing for the protection of human life at
public watering and bathing places, imposes upon the proprietors of bathing
establishments a duty which they are bound to discharge, and for a failure to
comply with which an action to recover the damages thereby occasioned
would result, yet the statute does not declare that such liability shall follow
from the death of a person by drowning, or an injury from any other cause
occasioned by the act of bathing or using the bathing place of a proprietor,
when the person injured or drowned shall have been reckless or negligent,
and shall have caused his own peril or death by such recklessness or negligence.
The rules of law governing actions brought under the statute giving a right of
action for death occasioned by the negligence of another, are applicable to
actions brought under this act.

MOTION for a reargument.

The action was brought to recover damages for the loss of the
plaintiff's husband, who was drowned while bathing at Coney Island.
The opinion of the General Term reversing the judgment of the

* Decisions handed down January 29, 1886.

court below was delivered at the January term, and is reported in 38 Hun, page 487.

*James A. O'Gorman*, for the respondent, for the motion.

*T. C. Cronin*, for the appellant, opposed.

PER CURIAM:

The application for a reargument cannot be granted, for the reason that the learned justice upon the trial of the cause declared the rule of law applicable to the case, to be that if the intestate were careless and brought his life into peril and danger and consequently lost it, the defendant was liable if he was negligent and failed to comply with the provisions of the statute when such compliance would have resulted in saving the decedent's life.

This enunciation of the doctrine controlling this case cannot be sustained. The obligations imposed by the legislature by the act passed May 19, 1879 (chap. 328), devolved a duty upon the proprietors of bathing establishments which they were bound to discharge, and, as held in the case of *Willy* v. *Mulledy* (78 N. Y., 310), a right of action would result from a breach of these obligations by which damages were sustained. The statute does not declare that liability shall follow, however, from the death of a person by drowning, or an injury from any other cause occasioned by the act of bathing or using the bathing place of a proprietor, even although the person injured or drowned shall have been reckless or negligent and have caused his own peril or death by such recklessness or negligence; and there is nothing in the statute itself which indicates that there was any intention on the part of the legislature to provide for compensation under such circumstances. The object was the security of life and person, and in the construction of the statute as to its requirements and obligations this must be kept in view, and so far as its provisions will justify it the persons whom it affects held accountable. This view makes the rules of law governing actions brought under the statute for death occasioned by the negligence of another applicable to this case and cases of a kindred character.

By the reference in the former opinion herein, to the second section of the act mentioned, it was not intended to suggest that

the only consequence resulting from a failure to comply with the requirements of the act was punishment for a misdemeanor. Indeed, the consideration of that section was not necessary to the determination of the question presented.

The application must, therefore, be denied.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Motion for reargument denied.