## MARY E. ATKINSON, as ADMINISTRATRIX, ETC., PLAINTIFF, *v.* MEYER ABRAHAM, DEFENDANT.

*Contributory negligence—when the question should be left to the jury.*

Upon the trial of this action, brought by the plaintiff to recover damages for the death of her intestate which was caused by his falling through a hatchway which extended from the sixth floor to the bottom of a building owned by the defendant, it appeared that the hatchway had been formerly protected by rails put in upright bars, and that the deceased, who leased the sixth floor from the defendant, notified him that they had been taken away and asked him to replace them, and that the defendant refused to do so. The deceased fell through the hatchway, which was distant three feet nine inches from the foot of the stairs, when it was dark and at about the time when it was being used by the defendant's employes.

*Held,* that the question of the plaintiff's contributory negligence should have been left to the jury, and that the court erred in granting a motion for a nonsuit.

MOTION for a new trial directed at the Kings County Circuit to be heard in the first instance at a General Term, after a motion for a nonsuit had been granted at the conclusion of the plaintiff's case.

The action was brought for the recovery of damages from the defendant, for fatal injuries received by one Simeon A. Atkinson by reason of falling through an unguarded hatchway in the defendant's building. Upon the trial evidence was given tending to show that in May, 1883, the plaintiff's intestate hired from the defendant the loft or sixth story of the building owned by the defendant, known as and being No. 198 William street, in the city of New York. At that time the deceased entered into the occupancy of the loft so

hired by him, and continued to occupy the same until some time in the month of December next ensuing, when his death occurred. The several floors of the building were variously occupied by different tenants. A hatchway, four feet and nine inches square, extended from the lower floor through the front portion of the several halls to the loft occupied by the deceased, where it opened in one corner of the room. Its position was between the front line of the building and the stairways connecting the several floors. This hatchway was provided with double trap doors, but was wholly unprovided with and unprotected by any bar, guard or railing, as required by law. No one saw the fall of the deceased through the unguarded hatchway, but it appears that early in the evening of December 6, 1883, at the close of his day's work, the deceased left his son in the loft and started for his home; that immediately afterwards the son of the intestate heard an unusual noise below, and going down found his father lying unconscious immediately under the opening of the hatchway; that in going down stairs on that occasion his father started in the usual way.

*Hastings & Southworth,* for the plaintiff.

*Morris & Pearsall,* for the defendant.

BARNARD, P. J.:

As between landlord and tenant it is a general rule that when a landlord owes a duty, either by his own agreement or as is imposed by statute, a breach of such duty causing damage gives a cause of action. (*Willy* v. *Mulledy,* 78 N. Y., 310.)

The proof shows that the deceased hired of the defendant the sixth story of certain premises in the city of New York. There was a hatchway extending from the bottom to the sixth story. It was the duty of the owner to provide and protect this hatchway by substantial railing and sufficient trap-door. (Chap. 625 Laws of 1871; section 487, chap. 410, Laws of 1882; chap. 547 Laws of 1874.) The hatchway had once been protected or at least uprights had been constructed in which to put the bars to protect the opening. They had not been in place during the occupancy of deceased. He asked that they be put in and the defendant did not do it, saying that they had been taken away and he could not afford to replace them. Under this state of the proof

there was a neglect of duty by the owner. The case shows that evidence was given tending to prove that the deceased fell through the hatchway, December 18, 1883, and was killed. The case should have gone to the jury unless there was a failure to show a freedom from contributory negligence. It was possible to go down the stairs without falling into this hatchway. It was three feet nine inches from the foot of the stairs. The hatchway was habitually left open and at about the time of the accident was being used by the deceased's employees. It was dark when the deceased went down and he fell through the open well hole. The case should have gone to the jury upon the question of the contributory negligence of the deceased. There is a certain assumption in favor of caution in the presence of known danger. The deceased must go up and down even if the hole was unprotected. He was not bound to get a light as a matter of law. He was bound to exercise the care which a prudent person would exercise under the circumstances of the case. All these things were for the jury. An accidental stumble, a moment of bewilderment, a misjudgment as to the foot of the stairs, might occasion the accident to a prudent person. The case of *Totten* v. *Phipps* (52 N. Y, 354), which closely resembles this one, was held to be a case for a jury. When the injury is from a defect known to the injured person the degree of care and caution required of him is a question for the jury. (*Bassett* v. *Fish,* 75 N. Y., 304 ; *Palmer* v. *Dering,* 93 id., 7.) The exception should be sustained and a new trial granted, costs to abide event.

PRATT, J., dissented.

Exceptions sustained and new trial granted, costs to abide event.