# THE

# New York Supplement

## VOLUME 95,

### AND

## New York State Reporter,

## VOLUME 129.

---

(107 App. Div. 258.)

### ROONEY v. BROGAN CONST. CO.

(Supreme Court, Appellate Division, Second Department. ·July 27, 1905.)

1. CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—EVIDENCE.

   Merely because one who, while carrying a stove in front of him, stumbled and fell through an elevator shaft in a building in the course of construction, had for a few days been lighting fires on different floors to dry the plastering, it cannot be said, as matter of law, that he knew of the absence of guards about the opening, assumed the risk, or was guilty of contributory negligence; he having a right to assume that the duty to guard the opening had been discharged.

   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 547, 713.]

2. LABOR LAW—PROTECTING SHAFTS IN BUILDINGS DURING CONSTRUCTION—CONTRACTORS AND OWNERS.

   Labor Law (Laws 1897, p. 468, c. 415) § 20, as amended by Laws 1899, p. 351, c. 192, headed, "Protection of Persons Employed on Buildings," and providing that, if hoisting apparatus is used in a building in the course of construction, the "contractors or owners" shall cause the openings in each floor to be inclosed, places such duty on the owner of a building as to an employé of an independent contractor, as well as on the contractor, though all the work on the building is being done by independent contractors, and the hoisting machine was installed by a hoisting machine company, which is paid by the contractors for the use thereof.

3. SAME—CAUSE OF ACTION OF LABORER INJURED.

   A laborer. injured by failure of the owner of a building to inclose hoist shafts therein during construction, as· required of him by Labor Law (Laws 1897, p. 468, c. 415) § 20, as amended by Laws 1899, p. 351, c. 192,

   .95 N.Y.S.—1

entitled, "Protection of Persons Employed on Buildings," has a cause of action against the owner, notwithstanding section 21 (Laws 1899, p. 354, c. 192) provides for enforcement of the law by the factory inspector in the manner there pointed out.

Appeal from Trial Term, Kings County.

Action by Margaret Rooney, administratrix of John Rooney, deceased, against the Brogan Construction Company. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Gilbert D. Lamb, for appellant.
I. H. Oeland, for respondent.

MILLER, J. The defendant, as owner, was engaged in the construction of a 10-story building through the instrumentality of several different independent contractors, to some of whom it furnished materials. As the work progressed, a hoisting machine was installed in the building by a hoisting machine company, and was used by the different contractors to hoist materials; each paying the hoisting machine company by the hour or day for the use of the machine. The openings in the different floors through which this machine was operated were entirely unguarded, in violation of section 20 of the labor law (chapter 415, p. 468, Laws 1897), as amended by chapter 192, p. 351, Laws 1899. An officer of the defendant was frequently on the premises, inspecting the progress of the work, and the defendant employed a watchman, who was required, among other things, to observe the manner in which the work was being done by contractors, and report to the defendant. He used the hoisting apparatus to hoist coal for the defendant from the basement to the different floors to heat the building. Plaintiff's intestate, a servant of one of the defendant's contractors, had been employed on the building about two weeks, at first in the basement, mixing plaster and putting it on the hoisting machine, to be carried to the different floors, and later lighting the fires in stoves on different floors for the purpose of drying the plastering. This had at first been attended to by a servant of the defendant, but, for a reason immaterial to the question involved, an officer of the defendant had requested said contractor to have this attended to by one of its own men. The building was 50 feet front by 100 feet deep, and no partitions had been erected on the ninth and tenth floors. Stairways connected the different floors, and the hoisting elevator opening was on one side of the building, about 25 feet distant from one set of these stairways. The floors had not been completed, but, shortly before the accident, dark-colored cinders had been filled in between, and nearly on a level with the sleepers. After dark on the night in question the deceased, assisted by another person, each carrying a torch, had lighted the fires on the tenth floor; and upon descending to the ninth floor the deceased undertook to carry a small stove across the room, holding it in front

of him, and, when near the elevator opening, stumbled and pitched head first into the opening, receiving injuries causing his death, for which this action is brought.   In going for the stove he had·passed within a foot or two of said opening.

At the close of the entire evidence the court directed a verdict for the defendant upon the ground that the deceased had assumed the risk, and upon the further ground that said section 20 of the labor law did not impose any duty on the defendant, for breach of which an action could be maintained by the servant of an independent contractor.   Although in form the court directed a verdict, such direction can be sustained, if at all, only as a nonsuit; and upon this appeal we must examine the record to ascertain whether, upon the view most favorable to the plaintiff, there was any evidence requiring the submission of the case to the jury.

The learned justice thought that upon the question of contributory negligence the evidence presented a question of fact for the jury.   In this view we concur, and think that the question of assumption of risk was also for the jury.   Upon this question the defendant had the affirmative.   Dowd v. N. Y., O. & W. Ry. Co., 170 N. Y. 459, 63 N. E. 541.   There was no affirmative evidence that the deceased knew of the unguarded condition of the elevator openings, and we do not think such knowledge could be inferred, as matter of law, from the mere fact that for a few days he had been lighting fires on the different floors.   Certainly that occupation did not necessarily call his attention to the absence of guards about these openings.   He knew, of course, that the hoisting apparatus was there, but, so far as the evidence discloses, the only place where his employment must necessarily have directed his attention to such apparatus was in the basement; and the evidence does not disclose, either, that he could or should have observed the absence of guards about the openings on the floors above.   Under these circumstances, we think it cannot be said, as matter of law, either that he knew of the absence of guards, that he assumed the risk, or that he acted other than as an ordinarily prudent person would have acted under the circumstances; bearing in mind his right to rely on the assumption that the duty to guard these openings had been discharged.

This brings us to the serious question in this case, which requires the construction of said section 20 of the labor law, which, so far as applicable, provides:

"If elevating machines or hoisting apparatus are used within a building in the course of construction, the contractors or owners shall cause the shafts or openings in each floor to be enclosed or fenced in on all sides by a barrier at least eight feet in height."

It is insisted by the respondent, first, that the defendant owed no duty to the deceased at common law, and that, the statute imposing the duty having also provided a method of enforcement, by section 21 (Laws 1899, p. 354, c. 192), that method is exclusive, and that no cause of action was created by the act; and, second, that the words "contractors or owners" should be so construed as to impose the duty on the one having the particular work in charge, and that

where the building is erected wholly by a contractor or contractors, over whom the owner has no supervision, except to see that they perform the contract, the obligation rests on the contractors, but not on the owners. As to the first proposition, it may be granted that the defendant owed no duty to the deceased at common law. The statute does provide that the factory inspector shall enforce the provisions of the article in the manner pointed out, and if the rule invoked by the defendant is applicable—that "where a statute creates a new offense, by making that unlawful which was before lawful, and prescribes a particular penalty and mode of proceeding, that penalty can alone be enforced," the action cannot be maintained. We do not think, however, that that rule is applicable. It cannot be doubted that the statute imposed a duty for the benefit of a class of persons embracing the deceased. The section is headed, "Protection of Persons Employed on Buildings in Cities." With the duty thus imposed, there was the correlative right in such persons to have it discharged; and it is difficult to discover any logical answer to the proposition that, where a particular person has a right to have some duty to him performed, he should have a cause of action for the breach of such duty, irrespective of whether it was imposed by statute or the common law. We think the rule applicable to this case is that stated by Judge Finch in Pauley v. S. G. & L. Co., 131 N. Y. 90, 95, 29 N. E. 999, 15 L. R. A. 194: "When a statute commands or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his advantage, or for a wrong done to him contrary to its terms"—citing Willy v. Mulledy, 78 N. Y. 310, 34 Am. Rep. 536; and see Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811. The respondent cites Eckes v. Stetler, 98 App. Div. 81, 90 N. Y. Supp. 473; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; and Koch v. Fox, 71 App. Div. 288, 75 N. Y. Supp. 913. In the first case cited the statute provided for the recovery of damages to the person injured in an action, to be brought by a particular board for and in behalf of such person, and, of course, it was held that the remedy provided was exclusive. While the statute under consideration provides a method of enforcement, it contains no provision respecting the recovery of damages by a person injured by a violation; and as it is clear that a duty was imposed upon one class of persons, and a correlative right conferred upon the other, in the absence of anything in the statute to the contrary it necessarily follows that damages flowing from a breach of such duty may be recovered by the person injured, who had the right to the discharge of the duty, and for whose benefit it was imposed. In the second case relied upon by the respondent, the rule above stated as applicable to the case at bar was approved, but it was held that the particular statute in question was not designed for the benefit of the public or any particular class of individuals; and it is not clear that the decision in Koch v. Fox, supra, was really placed upon the point now being considered.

As to the second proposition, it is very clear that the statute was intended to insure, so far as it could, the erection of guards or barriers for the protection of persons employed; and it seems to me that, to that end, it imposed the duty on both the contractors and owners, and required that either the one or the other should see to it that the barrier was erected, and that the failure of either would furnish no excuse for the other. Of course, the disjunctive "or" is used, meaning one or the other, and not both; but the statute does not say that under certain circumstances one must do it, and under other circumstances that the other shall. It says, in effect, that under all circumstances one or the other must do it. I can see nothing ambiguous in this. When a statute provides that one or the other of two persons shall do a thing, I think it imposes a duty on both, and leaves it to them to determine who shall do it. This certainly imposes no hardship on the owner, because he can always protect himself. In the case of Koch v. Fox, supra, the ordinance was very similar, so far as the question involved, to the statute here. It appeared that the owner was in Europe, and had let the contract for the erection of the entire building to a single contractor. Mr. Justice Laughlin, writing for a majority of the court, says:

"The terms of the ordinance are satisfied by a construction which requires compliance by the owner if he be doing the work by day labor or through contractors for separate parts, so that he retains charge and control, and compliance by the general contractor if the work be all let by one contract."

In the case at bar there were as many different contractors as there were kinds of work, and, without passing upon the question as applied to any state of facts except those shown to exist in this case, we think that a duty was imposed by the statute upon the defendant for the benefit of plaintiff's intestate, and that, as the breach of that duty was a proximate cause of the decedent's death, the evidence presented a question for the jury, and that a nonsuit was error.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.