*54 Vroom.*            Cittadino v. Schackter.

ORTENZO CITTADINO, PLAINTIFF, DEFENDANT IN ERROR,
    v. ISAAC M. SCHACKTER, DEFENDANT, PLAINTIFF IN
    ERROR.

Submitted March 25, 1912—Decided November 18, 1912.

1. The plaintiff, a widow, was a tenant and had been such of the
   top floor of an apartment house for more than a year at the time
   of its partial destruction by fire, and endeavored to escape from
   a window in the rear of her apartment by means of a rope low-
   ered from the roof (the house not being equipped with fire escapes,
   as required by the Tenement House act of 1904), fell to the roof
   of an extension and sustained injuries for which she brought her
   action against the landlord, the owner of the premises, for dam-
   ages and obtained a judgment. *Held*, that there was no con-
   clusive legal presumption arising from her conduct in remaining
   as a tenant, that she had knowledge that there were no fire
   escapes and waived their erection.
2. Whether or not the plaintiff had made any observations, or had
   knowledge of the absence of fire escapes prior to the fire, was for
   the jury to determine from the facts and circumstances of the
   case.
3. Mere length of time of occupancy, unaccompanied by some affirm-
   ative act or circumstance, on the tenant's part, showing an in-
   tent to relieve the landlord from the consequences that might re-
   sult to the tenant from the landlord's failure to perform the stat-
   utory duty imposed upon him, cannot relieve the landlord from
   responding in damages in case a fire breaks out and the tenant
   suffers injury by reason of the absence of fire escapes.
4. The tenant owed no duty to the landlord to examine and ascer-
   tain whether any fire escapes had been provided, and might rea-
   sonably assume that the landlord had performed the duty imposed
   upon him by statute.
5. Even though the plaintiff had discovered that the landlord failed
   to perform his statutory duty, she might reasonably assume that
   he would perform that duty at any time and not continue to dis-
   regard the law.
6. It was not error for the trial court to permit the jury to find
   from the evidence that the absence of fire escapes was the proxi-
   mate cause of the plaintiff's injuries.

On error to the Hudson Circuit Court.

For the plaintiff in error, *Edwards & Smith*.

For the defendant in error, *Myron C. Ernst* and *McDermott & Enright*.

The opinion of the court was delivered by

KALISCH, J.   The plaintiff, a widow, with her family of children, was a tenant occupying the top floor of defendant's tenement house in Jersey City at the time of its partial destruction, by fire, in April, 1910.   The house was not equipped with fire escapes, as required by the Tenement House act of 1904.   The plaintiff, in endeavoring to escape from a window in the rear of her apartment by hanging to a rope lowered from the roof, fell to the roof of an extension to the premises and suffered the injuries for which she brought this action.

The plaintiff seeks to hold the defendant liable for failing to provide fire escapes, as required by the provisions of the act of 1904.   It was conceded that the building was of the character which, under the statute, made it necessary to be equipped with fire escapes.   The plaintiff obtained a judgment against the defendant and it is this judgment that the defendant below, who is the plaintiff in error, seeks to reverse, assigning as error the failure of the trial judge to nonsuit the plaintiff, and at the close of the case to direct a verdict for the defendant upon the ground that the plaintiff, having occupied the premises for a year prior to the accident, must be deemed to have had knowledge that there were no fire escapes provided, and to have waived the erection thereof. Particular stress was laid upon the fact, by the plaintiff in error, that because it appeared, in evidence, that the plaintiff having hung clothes out of the rear window, once a week, during that year it must be deemed that she had knowledge that there were no fire escapes and hence acquiesced in the failure of the landlord to provide them.   The plaintiff's testimony makes it uncertain whether or not she had observed the absence of fire escapes prior to the time of the fire, for in answer to a question, as to how long before the fire she observed that there were no fire escapes, she answered: "We never

think it before until the fire come." And there is other testimony given by the plaintiff that tended to show that she never gave the matter any thought until the fire broke out.

Whether or not the plaintiff had made any observations or had knowledge of the absence of fire escapes prior to the fire was for the jury to determine from the facts and circumstances in evidence. It follows, as a matter of course, if she made no observations or had no knowledge of the absence of fire escapes, her conduct in remaining, as a tenant, does not give rise to a conclusive legal presumption that she knew and therefore waived their erection, but at most is simply a circumstance which together with the testimony and other circumstances in the case was for the consideration of the jury whether the plaintiff had knowledge of the absence of fire escapes. Even though it appeared that the plaintiff had made observations, so that she knew before the fire occurred that the landlord had failed to provide fire escapes, it did not give rise to a conclusive legal presumption that she acquiesced in the landlord's violation of duty, for it does not appear what the character of the lease was under which she occupied her apartments. It may be that her original term had not expired at the time of the fire. If she became a tenant for a term longer than a year (she had occupied the premises for a year at the time of the fire), and had not known of the absence of fire escapes at the time she contracted for the apartments, we do not think that her remaining in possession under the lease, after becoming apprised of the absence of fire escapes, can be considered as a waiver of the duty of the landlord. That she would have been justified in attempting to terminate the lease because of the absence of fire escapes, the lease containing no provision relating thereto, is doubtful. Viewed in any aspect it would require the intervention of a judicial tribunal to determine the matter and she was not bound to so conduct herself as to invite a law suit.

It is congruous with reason to hold that mere length of time of occupancy, unaccompanied by some affirmative act or cir-

cumstance, on the tenant's part, showing an intent to relieve the landlord from the consequences that might result to the tenant from the landlord's failure to perform the statutory duty imposed upon him cannot relieve the landlord from responding in damages, in case a fire breaks out and the tenant suffers an injury by reason of the absence of fire escapes.

The tenant owed no duty to the landlord to examine and ascertain whether any fire escapes had been provided by the landlord. The tenant might reasonably assume that the landlord had performed the duty imposed upon him by statute. *Willey* v. *Mulledy*, 78 N. Y. 310. And even if the plaintiff had discovered that the landlord had failed to perform his statutory duty she might reasonably assume that he would perform that duty at any time. The landlord was entitled to the presumption in his favor that he would obey the law and not disregard it. It was the defendant's plain disregard of his duty, under the statute, in failing to provide fire escapes that resulted in the plaintiff's injury. The jury was permitted by the trial court to find that their absence was the proximate cause of the plaintiff's injury. There was no error in this.

The judgment of the Circuit Court will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 12.

*For reversal*—None.