## THE BLAKELEY.

(District Court, W. D. Washington, N. D.   May 3, 1916.)

### No. 3286.

1. SEAMEN ☜30—SUIT FOR ASSAULT BY OFFICER—PARTIES—"OR."

In the "act to promote the welfare of American Seamen in the merchant marine of the United States" (Act March 4, 1915, c. 153, § 9, 38 Stat. 1167), which makes it a misdemeanor for any officer to inflict corporal punishment on a seaman, provides that when it shall be violated by any officer other than the master it shall be the duty of the master to surrender him for punishment, and that his failure to do so, which "shall result in the escape of such officer, shall render the master or vessel or the owner of the vessel liable in damages" to the person illegally punished, the word "or" in respect to the parties liable is to be construed to mean "and," and in such suit for damages a seaman may join the master, the vessel, and the owner.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 195–211; Dec. Dig. ☜30.

For other definitions, see Words and Phrases, First and Second Series. Or.]

2. SEAMEN ☜30—PROTECTION AGAINST CORPORAL PUNISHMENT—CONSTRUCTION OF STATUTE.

A seaman on an American merchant vessel is not deprived of the protection of such act because he is not a citizen of the United States.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 195–211; Dec. Dig. ☜30.]

In Admiralty. Suit by Avgot Sjorberg against the 'American schooner Blakeley and J. W. Manka. On exceptions to libel. Overruled.

Saunders & Nelson, of Seattle, Wash., for libelant

Hastings & Stedman, of Seattle, Wash., for claimant.

NETERER, District Judge. [1] Libelant alleges that he was employed on the 17th day of November, 1915, by J. W. Manka, the master of the American schooner Blakeley as a seaman, and that while discharging his duties as a seaman upon said vessel while sailing on a voyage from Newcastle, Australia, to Puget Sound, and while said vessel was on the high seas on the 19th day of January, 1916, one George Denver, the second mate and an officer of said vessel, wrongfully assaulted, struck, beat, bruised, etc., libelant with his fists, whereby he was made sick, lame, sore, and disabled, and suffered great bodily pain and mental anguish, and sustained damages in the sum of $1,000. That Manka, the master, had actual knowledge of said assault at or about the time of its commission, and that he neglected to surrender the said Denver to the proper authorities when said vessel reached the port of Seattle, upon completing her voyage to Puget Sound, which failure resulted in the escape of the said Denver, and prayed that said schooner be attached, and that Manka, the master, be cited to appear and answer, and that the court pronounce judgment for damages and costs, and also condemn the said schooner, her tackle, apparel, etc. The claimant and the master have appeared separately, each filing exceptions to the libel, and, among other grounds, allege that libelant seeks improperly to join a proceeding in rem with a proceeding in personam, contrary to the admiralty rules of the Supreme Court of the United States.

This action is prosecuted under Seaman's Act March 4, 1915 (U. S. Stat. at L. vol. 38, p. 1164, § 9 at page 1167). It is contended by the claimant that, under admiralty rule 16 of the Supreme Court of the United States (29 Sup. Ct. xl):

"In all suits for an assault or beating on the high seas or elsewhere within the admiralty or maritime jurisdiction, the suit shall be in personam only."

This rule was promulgated prior to the adoption of the Seaman's Act, supra, and hence has no application. The provision of the act upon which reliance is placed (section 9 of the act, supra, page 1167) provides:

" * * * Any failure on the part of such master to use due diligence to comply herewith, which failure shall result in the escape of such officer, shall render the master or vessel or the owner of the vessel liable in damages. * * *"

The act was passed "to promote the welfare of American Seamen in the merchant marine of the United States. * * *" The intent of the act was to give the assaulted seaman a right of recovery for the injury. That separate recovery cannot be had against each, but one recovery against one or all, I think clearly expresses the intent of the lawmakers. I do not think that force can be given to the sug-

gestion of claimant that the use of the disjunctive "or" instead of the conjunctive "and" distinctively discloses a different intent. The popular use of the words "or" and "and" is frequently inaccurate, and while they are not treated as interchangeable, yet where the general context implies such intention, the one may be read in the place of the other. Witherspoon v. Jernigan, 97 Tex. 98, 76 S. W. 445.

"The word 'or' is frequently construed to mean 'and,' and vice versa, in order to carry out the evident intent of the parties." Dumont v. U. S., 98 U. S. 143, 25 L. Ed. 65.

When necessary to carry out the provisions of an act the word "or" may be read as "and." North Springs Water Co. v. City of Tacoma, 21 Wash. 517, 58 Pac. 773, 47 L. R. A. 214. In the instant case the purpose of the statute was to promote the welfare of American seamen, and against certain abuses gave them a right of recovery, and since this recovery can be obtained from the vessel, the master, or the owner, each being liable and their liability being created by the act, giving the benefit to the seamen, I think the word "or" must be held to mean "and." Rooney v. Brogan Construction Co., 107 App. Div. 258, 95 N. Y. Supp. 1. Since all are liable, there certainly could not have been any purpose or intention on the part of Congress to compel the seaman to elect as to which to pursue, and thereby exempt the others from liability. The purpose was to give him a right of recovery for the damages sustained, and this may be obtained from all of the parties.

[2] The fact that libelant is not a citizen of the United States does not change his relation to the act, as engaging in the service as one of the crew of the American ship Blakely brought him within the protection and benefits of all of the laws passed by Congress on behalf of American seamen, and subject to all of their obligations and liabilities. Ross v. McIntyre, 140 U. S. 453, 472, 11 Sup. Ct. 897, 35 L. Ed. 581.

The exceptions are overruled.