TORGER TORGERSEN, Respondent, *v.* EDWARD F. HUTTON and Another, Appellants.*

Second Department, December 21, 1934.

*George S. Brengle* [*James N. Senecal* with him on the brief], for the appellants.

*Jacquin Frank* [*David M. Fink* with him on the brief], for the respondent.

DAVIS, J. The plaintiff, a Norwegian, who had on the morning of April 24, 1933, been employed by the defendants and was set to

---

* Affd., 267 N. Y. ——.

work washing down the mainmast of the yacht *Vema;* was severely injured when he fell from near the top of the mast to the deck. The accident, as plaintiff claimed, was due to the negligence of the boatswain in failing to control the ropes of the boatswain's chair as it became necessary for him to be lowered in the course of his work; or to give him proper opportunity to secure himself so that he might lower himself from time to time. Recognizing that the boatswain was a fellow-servant, he brought this action under the provisions of section 33 of the United States Merchant Marine Act (U. S. Code, tit. 46, § 688), commonly called the Jones Act. The yacht was lying in winter quarters at a dock in Brooklyn. On the trial a verdict was rendered for plaintiff.

As concededly plaintiff was not an American citizen and the yacht was one-half owned by a foreign corporation with the other one-half owned by the American defendants, the appellants argue that the plaintiff is not entitled to the benefit of the statute, which they say is only for the benefit of American seamen; and that the vessel cannot be deemed an American vessel for the reason that it is in part foreign-owned and ineligible for registry or enrollment in the American Merchant Marine.

On the other hand, it is admitted that the defendants were in control of the vessel at the time and were engaged in fitting it out and reconditioning it; that the plaintiff was employed " by the defendants as owners " in assisting in outfitting the yacht " for and on behalf of the defendants; " that the vessel was chartered and the " owners " received money for renting and hiring out the vessel; and that at the time of the accident the vessel was in the navigable waters of the United States.

It is a case of first impression, as we are advised. If we deem the vessel at the time as American under the facts above stated, being controlled by American owners, then it may be said that the Jones Act applies. Under different circumstances it has been held that a foreign citizen employed as a seaman on an American vessel is regarded as an American seaman subject to the laws of this country and entitled to the benefit and protection of its laws. (*Matter of Ross,* 140 U. S. 453; *The Blakeley,* 234 Fed. 959.)

A liberal interpretation is ordinarily given to a law like this, intended to promote social justice. (*Bainbridge* v. *Merchants & Miners Co.,* 287 U. S. 278, 282.) Such view has been taken in particular cases not covered by the strict letter of the law. ( *Uravic* v. *Jarka Co.,* 282 U. S. 234; *Arthur* v. *Compagnie Generale Transatlantique,* 72 F. [2d] 662; *Gerradin* v. *United Fruit Co.,* 60 id. 927.) We apply the rule of liberal interpretation in this case in holding that,

under the circumstances above in part detailed, the plaintiff was entitled to recover as a question of fact. We do not regard the verdict as against the weight of evidence, notwithstanding some disparity in the number of witnesses.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and DAVIS, JJ.

Judgment in favor of plaintiff unanimously affirmed, with costs.