Ioannis ARGYROS, Libellant,

v.

POLAR COMPANIA DE NAVEGACION,
LTDA., Respondent.

United States District Court
S. D. New York.

Nov. 2, 1956.

Pyne, Brush, Smith & Michelsen, New York City, Warner Pyne, New York City, of counsel, for Joseph M. Brush (witness).

Lebovici and Safir, New York City, for libellants.

Frederick H. Cunningham, New York City, by Victor S. Cichanowicz, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

A resident and national of Greece has brought a libel in admiralty, in per- sonam, against the Panamanian corpo- rate owner of a vessel, stating causes of action under the laws of the Republic of Panama for injuries allegedly sustained on the high seas. He now seeks to ex- amine the Panamanian corporation, by its secretary, on the issue of the stock ownership of the corporation, on the ground that if a controlling interest in the shipowning corporation was held by citizens of the United States at the time of the injury, he may have an action un- der the Jones Act, 46 U.S.C.A. § 688.

In Lauritzen v. Larsen, 345 U.S. 571, 583, 73 S.Ct. 921, 928, 97 L.Ed. 1254, the Supreme Court discussed "the several factors which, alone or in combination, are generally conceded to influence choice of law to govern a tort claim, particu- larly a maritime tort claim, and the weight and significance accorded them." The significant connecting factors were held to be: (1) place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured; and (4) al- legiance of the defendant shipowner. By none of these criteria of choice of law would the Jones Act be applicable, unless the nationality of the actual con- trol of the ship be considered (if such control is, by stock ownership, in the hands of United States citizens). No case has been cited by counsel or found by the court in which United States ownership of the stock of the shipowner, alone, has been held to justify the appli- cation of the Jones Act. In Gerradin v. United Fruit Company, 2 Cir., 60 F.2d 927, certiorari denied 287 U.S. 642, 53 S.Ct. 92, 77 L.Ed. 556, the court applied the Jones Act in favor of a United States citizen where the shipowner was a Unit- ed States national, even though the ship was under foreign registry. Zielinski v. Empresa Hondurena de Vapores, D.C., 113 F.Supp. 93, in which the plaintiff had United States domicile, distin- guished itself from the Gerradin case only on the ground that the ship was not owned directly by United States citizens, but indirectly through the stock owner- ship of a foreign corporation. Judge Dimock stated his belief that "the court

should give effect to the nationality of the actual control of the ship particularly in a case * * * where the claimant is domiciled in the United States." 113 F.Supp. at page 95.

Unquestionably the nationality of the shipowner is given great weight by the courts in their determination of the choice of law. See Torgersen v. Hutton, 243 App.Div. 31, 276 N.Y.S. 348, where American citizens were half-owners of a vessel and suit by a foreign national under the Jones Act was permitted. But it seems to me that where the nationality is only indirectly established, by ignoring the foreign corporate existence or by considering it, in effect, a United States corporation, such a nationality considered alone, is not a sufficient contact with our jurisdiction to warrant the application of our law to what is otherwise a foreign transaction.

Accordingly, on the ground that stock ownership by United States citizens in the Panamanian corporation is not, in itself, sufficient to render the Jones Act applicable, the libellant may not inquire into the subject, and his motion is denied.