## Dumont *v.* United States.

1. A bond given at the port of New York,.when certain goods were imported, was conditioned that the importer should pay $425, — that being the estimated duty based on the invoice, — *or* the amount which should be subsequently ascertained to be due, *or* that he should within three years withdraw and export them, *or* transport them to a Pacific port.   That sum was paid on the withdrawal of the goods, but it was less than the duty which was afterwards regularly liquidated.   A suit was brought against the surety for the balance.   *Held*, that he was not liable therefor.

2. The importer is liable for the duty ; but the bond is discharged as to the surety by the performance of one of its alternative conditions.

3. " Or " is never construed to mean " and," when the evident intent of the parties would be thereby defeated.

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. W. Willoughby* for the plaintiff in error.

*Mr. Assistant Attorney-General Smith, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an action against the surety upon an ordinary bond for duties, given at the time of importation, upon the estimated amount, before the duties were regularly liquidated. The estimated duties, based on the invoice shown by the importer, were $425 ; and the condition of the bond was, that within one year the importer should pay to the collector $425, *or* the amount of the duties which should be ascertained to be due, *or* should within three years withdraw and export them, or transport them to a Pacific port. About a month after importation the goods were withdrawn by the importer, upon payment of the sum named in the bond ; but the duties were not regularly liquidated until about a month later. The liquidation showed that the duties payable were $676.75, instead of the $425 which had been paid. This suit was brought to recover the balance. The surety pleaded payment of the sum named in the bond, as a fulfilment of one of the alternate conditions. The counsel for the government contended that the condition ought to be construed not alternatively, but as intended to secure the payment at all events of the true amount of duties, unless the goods should be exported or sent to the Pacific coast within three years. It was shown that the bond was in the form long in use, and had been approved by the Secretary of the Treasury ; and it was undoubtedly intended to cover the full amount of the duties, whether the original estimate reached that amount or not. The word " or " is frequently construed to mean " and," and *vice versa*, in order to carry out the evident intent of the parties. But such a change cannot be made in this case; for if we make " or " to read " and," the condition would require the importer to pay the actual duties in addition to the $425. Besides, there are two other alternate conditions dependent upon the same word " or ; " namely, that the bond should be void if the goods should

be re-exported, or if they should be transported to the Pacific coast, within three years. This shows that the word " or " was intended to have its ordinary sense. To make the condition mean what the counsel for the government contends it means, would require, in place of the word " or," the addition of several words, so as to make it read, " $425, *and any additional* amount of duties to be ascertained to be due and owing on the goods." The court would not have been justified, in this case, in making such a change and addition, by way of construction.

Of course the importer is liable, without reference to the bond, for the entire amount of duties. But the surety is only bound by the condition of the bond. That is all the obligation which he assumes ; and as it is clear, in this case, that the condition is in the alternative, the bond was discharged by the performance of one of the alternative conditions.

The point was sufficiently raised on the trial to be reviewed here. It is true, the request for a nonsuit was not sufficient ; because the court was not bound to grant a nonsuit. And it is also true that the defendant neglected to ask the court to direct a finding for the defendant. But on the proofs made the judge assumed to direct a verdict for the plaintiff ; and to this direction the defendant excepted. We think this is sufficient to enable us to take cognizance of the defence.

As this is the only point made in the assignment of errors, we make no observation upon the other points raised at the trial.

The judgment of the Circuit Court will be reversed, and the cause remanded for a new trial ; and it is

*So ordered.*