## UNITED STATES *v.* GEORGI *et al.*

(*District Court, S. D. New York.* October 23, 1890.)

CUSTOMS DUTIES—LIQUIDATION—BOND—PAYMENT—SUBSEQUENT RELIQUIDATION—SURE-
TY—REV. ST. §§ 2964, 2970.

The liquidation of duties by the proper customs officers fixes for the time being the amount of duties to which the goods are "subject by law," under Rev. St. §§ 2964, 2970. On a bond conditioned for withdrawal of the goods within one year, "on payment of the duties and charges to which they may be subject by law at the time of such withdrawal," *held*, that a payment within the year of the amount of duties as thus liquidated was a discharge of the bond, and that, upon a subsequent reliquidation at a higher rate of duty, no recovery could be had upon the bond against the surety, though the importer would be liable in a different action for the additional amount.

At Law. Motion for new trial.

*Edward Mitchell*, U. S. Atty., *J. T. Van Rensselaer*, Asst. U. S. Atty. *Hartley & Coleman*, for defendants.

BROWN, J. This suit was brought upon a warehouse bond to recover a balance of $98.25, alleged to be due upon an importation of goods by the defendant Georgi in March, 1888. The bond was executed by Georgi as principal, and by the other defendant as surety. The condition of the bond provides that it shall be void if the importer shall, within one year from the date of importation, withdraw the merchandise, "on payment of the duties and charges to which it may be subject by law at the time of such withdrawal." The amount of duties estimated at the time of the entry was $1,150. On appraisement and liquidation, completed May 23, 1888, the duties were liquidated at $1,184.15. The goods were withdrawn in three different installments in April and May, 1888, and payments on account of the duties made at each withdrawal. On the 16th of June, 1888, the sum of $34.15 was paid, which made the full amount of $1,184.15, and the bond was marked "Canceled" by the clerk in the ordinary course of business at the custom-house, and the account supposed to be closed and settled. A protest and notice of appeal had, however, been duly served upon the collector by the importer, claiming a lower rate of duty. These were never transmitted to the secretary of the treasury for his action thereon, but the collector having directed a further consideration of the matter by the appraiser, the same deputy assistant appraiser who had previously examined the goods reported, in August, 1888, a different classification of the goods with a higher rate of duty, and a reliquidation of the duties was accordingly made on October 6, 1888, fixing the duties at $1,282.40, being $98.40 in excess of the original liquidation, to recover which this suit was brought. No notice was given to the importer of the reliquidation, or of any action upon his protest and appeal. He had no notice of the reliquidation until more than 10 days afterwards,—too late to make any protest or appeal upon the reliquidation. On the trial the assistant appraiser testified that, although he had none

of the goods before him upon the reappraisement, he knew the goods perfectly well, and that they were the same in character as those to which a new classification had been given by decision of the treasury department, involving a higher rate of duty. On the reappraisement and reliquidation no change was made in the value, but only a different classification, in accordance with the ruling in the treasury department as regards similar goods. The court directed a verdict for the defendant, and a motion for a new trial is now made.

The suit being brought on the bond, the only question is whether its condition has been complied with by "withdrawal of the goods within one year on payment of the duties to which the goods were subject by law at the time of the withdrawal." This is resolved into the further question whether the duties to which the goods "are subject by law at the time of such withdrawal" are the duties as they stand legally determined by the liquidation in force at the time of withdrawal, or whether this phrase includes also any further duties that may be determined upon a future reliquidation at any indefinite time after the withdrawal, so long as the right to reliquidate may be lawfully exercised. In the case of *U. S.* v. *Campbell*, 10 Fed. Rep. 816, the meaning of this phrase was considered; and, following what was conceived to be the decision of Mr. Justice BLATCHFORD in the case of *U. S.* v. *Cousinery*, 7 Ben. 255, this court held that the legal duties to which the goods were "then subject" were in legal contemplation the duties as they then stood liquidated and fixed by the collector. I do not find reason to add much to what has been said in the former decisions. The object of the warehouse system is the convenience of the importer. It contemplates the withdrawal of the goods during the periods specified, upon the payment of some fixed, "liquidated" sum. By section 2964 the goods are declared to be "subject at all times to the importer's order, upon payment of the proper duties and expenses, to be ascertained on due entry thereof for warehousing." And by section 2970 it is declared that warehoused merchandise may be withdrawn for consumption within one year from the date of the original importation, "on payment of the duties and charges to which it may be subject by law at the time of such withdrawal." From both these provisions, it is obvious that it is not only the duty of the collector to ascertain the duties upon entry for warehousing, which is done by the "liquidation," but that the importer has an absolute right to withdraw his goods at any time within one year, upon payment of the duties as they stand thus fixed and liquidated at the time of the withdrawal. The collector could not refuse to deliver the goods upon a tender of the liquidated duties on the mere possibility that some future liquidation might fix a higher rate; nor would he be authorized to deliver the goods to the importer upon tender of a less sum, even though error had been made in the liquidation, which a subsequent reliquidation, or an appeal to the secretary, might correct. If the amount of duties which the importer was required to pay in order to obtain his goods must be some undetermined and unknown sum, different from the liquidation, and dependent upon some possible future legal

determination, since neither the importer nor the collector could determine this sum, the goods could not be withdrawn at all until the period for possible reliquidation had passed. This is plainly contrary to the intent of the law. The necessary construction of the statutory phrase, therefore, is for the payment of the duties as they stand liquidated at the time of withdrawal. Upon any other construction, moreover, in the case of warehoused goods, the twenty-first section of the act of June 22, 1874, would have no application, and there would be no limit to the period for reliquidation, since that statute applies only to cases where duties have been paid and the goods delivered. For if the importer could not lawfully obtain his goods by paying the duties as they stand liquidated, as being the duties to which they are "legally subject at the time of withdrawal," he could never lawfully withdraw them at all, since the right to reliquidate would never expire, and the duties payable would never be absolutely determined. Necessarily, therefore, in the practical construction and application of the statute, the amount of duties fixed by the collector by the liquidation is, in the language of Mr. Justice BLATCHFORD in the *Case of Cousinery*, above cited, "by the statute made the duty for the purpose of collecting it as a duty." The same language in this bond must have the same construction that it has in section 2970. The condition of the bond is not directly for the payment of duties, but for the "withdrawal of the goods on payment of the duties." Upon such a condition, therefore, I must hold that the condition is performed by the withdrawal of the goods within the time limited, on the payment of such duties as by law were required to be paid as the condition of the right to withdraw the goods; and those duties were the duties as they stood liquidated at the time of withdrawal. The condition of the bond being rightly, lawfully, and fully performed, the liability of the surety was thereby extinguished, and could not be revived by a reliquidation, made several months afterwards. *Dumont* v. *U. S.*, 98 U. S. 142; *U. S.* v. *Campbell*, 10 Fed. Rep. 816; *U. S.* v. *De Visser*, Id. 642.

This construction seems to me not alone the only construction consistent with the different provisions of the warehouse act itself, but to satisfy entirely the presumed purposes of the act as respects security to the government. On the entry of goods for consumption, the importer, on paying the duties as liquidated, is not required by any provisions of law to furnish a surety for the payment of additional duties that may possibly be fixed by some future reliquidation. The government, in providing the importer the conveniences of the warehouse system, requires him to give security that he will withdraw the goods on payment of the duties to which they are subject at the time of withdrawal, because the government does not intend either to hold the goods indefinitely, or to look to the goods alone for the payment of the duties, or to take the risk of loss that may attend holding them. By paying the duties, as they stand legally determined at the time of withdrawal, the government is fully protected to the same extent as upon payment of duties entered for consumption. Nothing more would seem to be re-

quired by the purposes of the act, and the language of it is in strict accordance with this construction.

There is nothing in the warehouse act that I can discover showing any purpose to hold the surety liable for the mere possibility of a reliquidation, after the goods have been delivered, and the liquidated duties paid. There is no more reason for security against such a possibility in the case of warehoused goods, than in the case of entry for consumption; and no reason to suppose the warehouse act had any such purpose in view. Nothing in this construction affects the right of the government to recover against the importer any additional duties fixed by reliquidation after withdrawal in the case of warehoused goods, any more than in the case of goods withdrawn for consumption.

I do not perceive that the service of a protest and appeal by the importer affects at all the construction of the language of this bond, or of section 2970. Until a reliquidation, whether the first liquidation was in fact correct or erroneous, the importer, on withdrawing his goods, must pay the duties as they stood liquidated at the time of withdrawal; and by paying that sum, whether the subsequent liquidation were greater or less, the condition of the bond was fulfilled.

The motion for a new trial must be denied.