# ANGLO–CALIFORNIAN BANK *v.* UNITED STATES.

## APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

### No. 31.   Submitted October 11, 1899. — Decided October 30, 1899.

This court has no jurisdiction to review, on appeal, a judgment of a Circuit Court of Appeals, affirming a decree of the Circuit Court below which overrules the decision of a Board of General Appraisers in a port of entry, appointed under the act of June 10, 1890, c. 407, and which sustains as valid, duties levied and collected by the collector of the port into which the goods were imported.

The United States was properly made a party defendant in this suit, in this court, in the place of the Secretary of the Treasury.

THE case is stated in the opinion.

*Mr. William Pinkney Whyte* for appellant.

*Mr. Assistant Attorney General Hoyt* for the United States. *Mr. Felix Brannigan* was on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a petition filed in the Circuit Court of the United States for the Northern District of California by the Secretary of the Treasury, under the act of June 10, 1890, c. 407, 26 Stat. 131, commonly known as the customs administrative act, for the review of a decision of the Board of General Appraisers in the matter of the classification of certain steel T rails imported at San Francisco by the Bank of California and withdrawn on its authority by the Anglo-Californian Bank, Limited. The duties levied by the collector were paid under protest, and the protest sustained by the Board of General Appraisers. The Circuit Court reversed the decision of the Board, 71 Fed. Rep. 505, and the Anglo-Californian Bank carried the case by appeal to the Circuit Court of Appeals for the Ninth Circuit, which affirmed the decree of the Circuit Court. 48 U. S. App. 27. After an unsuccessful application

to this court for a writ of certiorari, 166 U. S. 722, the Bank prayed the pending appeal, and the cause, coming on for argument, was submitted on printed briefs.

The proceedings were carried on below in the name of the Secretary of the Treasury, but in this court, by agreement, the United States were properly substituted as a party. *United States* v. *Jahn*, 155 U. S. 109; *United States* v. *Hopewell*, 5 U. S. App. 137.

The judiciary act of March 3, 1891, 26 Stat. 826, c. 517, provides for the review of the final decisions of the Circuit Courts by this court and by the Circuit Courts of Appeals. Section five specifies the classes of cases which may be brought directly to this court, and section six confers appellate jurisdiction in all other cases on the Circuit Courts of Appeals, whose judgments or decrees in certain enumerated classes of cases are made final by the statute. At the same time the section provides that the Circuit Courts of Appeals may certify to this court any questions or propositions of law concerning which instruction is desired for the proper decision of pending cases, and that these may be answered or the whole cause required to be sent up for consideration. And it is also provided that those cases in which the judgments or decrees of the Circuit Courts of Appeals are made final may be required by this court, by certiorari or otherwise, to be certified to it for review and determination.

This is not an appeal from the Circuit Court directly to this court, nor does the case fall within either of the classes of cases enumerated in section five, in which such an appeal would lie.

No question or proposition of law concerning which the Circuit Court of Appeals desired the advice of this court was certified, and, on the contrary, the decree of the Circuit Court was affirmed by the judgment of the Circuit Court of Appeals with costs.

The case is not before us on certiorari, but on appeal, and an appeal does not lie in those cases in which the judgments or decrees of the Circuit Court of Appeals are made final by the statute. Among those cases are cases " arising under the

revenue laws," and as this is such a case, the appeal cannot be maintained.

It is true that under the act of June 10, 1890, an appeal would lie directly from the Circuit Courts to this court if the Circuit Court should be of opinion that the question involved was of such importance as to require a review of its decision by this court, and that in the order allowing this appeal the Circuit Court of Appeals stated "that the question involved is of such importance as to require a review of said decision and decree by the Supreme Court of the United States;" but this is not an appeal from the Circuit Court, and, moreover, the judiciary act of March 3, 1891, prescribes a different rule as to the prosecution of appeals.

In *United States* v. *American Bell Telephone Company*, 159 U. S. 548, it was held that this court had jurisdiction by appeal over a decree of a Circuit Court of Appeals in a suit brought by the United States in the Circuit Court to cancel a patent for an invention.

The argument was pressed that the appeal could not be maintained because the decrees of the Circuit Courts of Appeals were made final by the act in cases "arising under the patent laws," and that that was such a case. In view of the fact, however, that the United States instituted the suit as a sovereign in respect of alleged miscarriage in the exercise of one of its functions as such, it was thought that considerations of public policy forbade imputing to Congress the intention to include the case in that category.

We observed that actions at law for infringement, and suits in equity for infringement, for interference, and to obtain patents, being brought for the vindication of rights created by the patent laws, were clearly cases arising under those laws, and came strictly within the avowed purpose of the act of March 3, 1891, to relieve this court of that burden of litigation which operated to impede the disposition of cases of peculiar gravity and general importance. But there was nothing in the objects sought to be attained and the mischiefs sought to be remedied by the act which furnished foundation for the belief that Congress intended to place a limitation on our appel-

late jurisdiction in a suit in which the United States were plaintiffs and appellants, and which was brought in effectuation of the superintending authority of the Government over the public interests.

We do not think the present appeal comes within the ruling in that case.

*Appeal dismissed.*