UNITED STATES *v.* GEO. S. BUSH & CO., INC., AND WILBUR-ELLIS CO. (No. 3991)[1]

United States Court of Customs and Patent Appeals, May 29, 1937

*Joseph R. Jackson,* Assistant Attorney General (*John F. Kavanagh,* special attorney, of counsel), for the United States.

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellees.

[1] T. D. 49039.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

On December 21, 1936, this court reversed the judgment of the United States Customs Court in the above-entitled case, 24 C. C. P. A. (Customs) 313, T. D. 48755. Thereafter, on January 18, 1937, appellees filed a petition for rehearing, wherein, for the first time, it was claimed that no valid appeal had been taken by the United States from the judgment of the United States Customs Court, and that, therefore, this court has no jurisdiction in the premises.

The petition for rehearing was granted on February 1, 1937, and, on March 4, 1937, the issue presented thereby was submitted to the court on briefs of the parties.

It is well settled, as argued by counsel for appellees, that the United States courts, as distinguished from courts of the several states, are courts of limited, not of general, jurisdiction, and that the record presented in each case must affirmatively show jurisdiction. Furthermore, the question of jurisdiction is always before such courts, both trial and appellate, during the progress of the case, and this is so even though the question is not raised by the parties. *M. C. & L. M. Railway Co.* v. *Swan*, 111 U. S. 379; *Cameron* v. *Hodges*, 127 U. S. 322; *Continental National Bank* v. *Buford*, 191 U. S. 119; *Chi., B. & Q. Ry. Co.* v. *Willard*, 220 U. S. 413; *Atlantic Transport Co.* v. *United States*, 5 Ct. Cust. Appls. 373, T. D. 34872.

It appears from the record that on March 4, 1932, counsel for the Government filed the following petition in this court:

PETITION FOR REVIEW

*To the honorable the United States Court of Customs and Patent Appeals:*

Your petitioner, being dissatisfied with the decision of the United States Customs Court in each of the matters referred to in the annexed Schedule A, respectfully prays your court to review the questions involved therein, and for such relief in the premises as to the court shall seem just. The particulars of the errors of law and fact involved in said decision with which your petitioner is dissatisfied are set forth in annexed Assignment of Errors.

Dated, New York, N. Y., February 27, 1936.

SECRETARY OF THE TREASURY,
*Petitioner.*

By JOSEPH R. JACKSON,
*Assistant Attorney General,*
*Attorney for Appellant, 201 Varick Street, New York, N. Y.*

The petition for review appears to have been taken on behalf of the United States by the Secretary of the Treasury, petitioner, by Joseph R. Jackson, Assistant Attorney General, attorney for appellant.

Section 198 of the Judicial Code provides, in part, that—

If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the

United States Customs Court as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said Court, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs and Patent Appeals for a review of the questions of law and fact involved in such decision. In Alaska and in the insular and other outside possessions of the United States, ninety days shall be allowed for making such application to the Court of Customs and Patent Appeals. Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of * * *.

On June 10, 1933, pursuant to authority conferred by an act of Congress, approved March 3, 1933 (47 Stat. 1517, 1518; 5 U. S. C. §§ 124, 125, and 126), the President issued Executive Order No. 6166, which reads, in part, as follows:

The functions of prosecuting in the courts of the United States claims and demands by, and offenses against, the Government of the United States, and of defending claims and demands against the Government, and of supervising the work of United States attorneys, marshals, and clerks in connection therewith, now exercised by any agency or officer, are transferred to the Department of Justice.

As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice.

The Reorganization Act of March 3, 1933, *supra*, together with the Executive order of the President, hereinbefore quoted, repealed the quoted provisions of section 198 of the Judicial Code so far as they provided that the collector or the Secretary of the Treasury might apply to this court for a review of questions of law and fact involved in a judgment of the United States Customs Court. *United States* v. *Paramount Publix Corp.*, 22 C. C. P. A. (Customs) 272, T. D. 47328.

In the *Paramount Publix Corp.* case, *supra*, it was contended that as the right of appeal had been transferred to the Department of Justice, the petition for review should have been signed by the Attorney General. In reply to that argument, we said:

We cannot agree with this contention. As we have seen, the United States was a party to this litigation. The Assistant Attorney General was not a party, but merely represented such party in his official capacity. This was his duty, by law, and he performed it properly in signing said petition in the name of the United States. Under former acts, the collector has been held to have acted in a representative capacity only, in matters involving protests against duty exactions. *Allison* v. *United States*, 11 Ct. Cust. Appls. 297, T. D. 39126.

It was further held in the *Paramount Publix Corp.* case, *supra*, that as the Assistant Attorney General had filed the petition for review in the name of, and on behalf of, the United States, it would be presumed, in the absence of a showing to the contrary, that he acted "under the supervision and control of the Attorney General."

It appears, in the case at bar, from an affidavit of Joseph R. Jackson, Assistant Attorney General, that he was duly authorized to file a petition for review in this court on behalf of the United States; that it was his intention to file such petition on behalf of, and in the name of, the United States; that a blank form of a petition for review of the type used prior to the repeal of the provisions of section 198, *supra* "(bearing the superscription 'Secretary of the Treasury, Petitioner'), had accidentally become intermingled" with new forms which have been in use since the repeal of those provisions; and that, through inadvertence and mistake, he attached his signature to the old form.

It is true, of course, that the statements contained in the affidavit constitute evidence *dehors* the record. However, as the validity of the petition for review and the jurisdiction of this court to consider the issues raised by such petition have been questioned, evidence *dehors* the record may properly be considered in order to prevent a miscarriage of justice. See notes 4 C. J. S. §1211, p. 1711.

It would seem to be clear that as the Secretary of the Treasury had no authority to authorize the taking of the appeal, and as the Assistant Attorney General had no authority to file an appeal on behalf of the Secretary of the Treasury, neither intended that the appeal should be so taken.

The United States is the real party in interest. Through inadvertence and mistake, the appeal, on behalf of the United States, was irregularly taken in the name of the Secretary of the Treasury by the Assistant Attorney General, whereas, it should have been taken in the name of the United States by the Assistant Attorney General. The petition for review was, therefore, defective. However, as it was filed on behalf of the United States, we think it is defective in form only, and that this court acquired jurisdiction of the cause and has the power to allow the petition to be amended so that it will clearly indicate the representative of the Government by whom, and in whose name, it was actually taken. (R. S. §954; 28 U. S. C. §777); *United States* v. *Hopewell et al.*, 51 Fed. 798, 800, and cases cited; *Bowden* v. *Johnson*, 107 U. S. 251, 264; *United States* v. *Schoverling*, 146 U. S. 76, 82; *United States* v. *Jahn*, 155 U. S. 109, 111; *Chappell* v. *United States*, 160 U. S. 499, 513; *Anglo-Californian Bank* v. *United States*, 175 U. S. 37, 38; *Meyer & Lange et al.* v. *United States*, 4 Ct. Cust. Appls. 422, T. D. 33855.

Accordingly, the motion filed by counsel for appellees to dismiss the appeal is denied.

The Assistant Attorney General having requested that the petition for review be corrected, it is ordered that it be amended by striking out the words "Secretary of the Treasury," and substituting therefor the words "The United States."

We adhere to the conclusion reached in our original decision as to the merits of the cause, and, for the reasons therein stated, the judgment of the trial court is *reversed*.