(C. D. 1002)

W. X. HUBER *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 8, 1946)

*Harper and Harper* (*Lawrence A. Harper* and *Chas. J. Evans* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: Plaintiff herein, a customs broker, filed protest against the action of the collector of customs at the port of Los Angeles in demanding and collecting increased duties upon an importation of silk wearing apparel and silk fabric from Japan. The protest is in the following language:

I hereby protest your demand for payment of increased duties of $8.85 on W. H. Entry 4119 of June 16, 1941, as follows:

1st That this demand should be made to the Nagata Trading Co., that this shipment was entered by me as nominal consignee, and the owners declaration Form 3347 was filed in accordance with Section 485 (d) of the Tariff Act of 1930.

2nd Your office failed to collect this increased duty, before the merchandise was released from Customs, as provided for in Section 499—No merchandise shall be released, when the Appraiser's report shows, that increase duties are due. In this entry, the Appraiser made his return to your office, on June 23, 1941, so that, following the law, no merchandise could be withdrawn until this increased duty was paid. But, several months later, on July 8th and on August 19th, withdrawals were made, still, without the demand of this increased duty.

3rd By reason of the general practice and the law, in regard to refunds of duty; if in place of an increase in duty, there should be a refund, this refund would be made out to the importer, and not to me. As in all entries, where the Form

3347 is filed, within 90 days of the date of entry, such refund goes to the importer, and not to the nominal consignee. Then by the same token, the increased duties should be paid by the importer, as provided for in the Form 3347, which was accepted by your office.

I am therefore making this payment under duress, as per your notice of demand for payment, dated August 14, 1942.

Also—Art. 318–a C. R. 1937.

At the hearing the customs broker testified that he is the nominal consignee and that he duly filed an owner's declaration; that this was a warehouse entry and that due to an "increase" in the "classification" increased duty resulted. He was allowed to state what he did regarding the matter as follows:

I can state it very briefly. The warehouse entry was made, the goods were examined, and the invoice with the classification and valuation stated was returned to the collector. The collector failed in notifying the withdrawal desk of the warehouse division of the Customs that there was an increase. They should have—they should not have released any merchandise until they had received the increased duty which is provided for in the tariff, and their not having done that. and did release the goods to the importer, the Nagata Trading Co., and the rule that they have in the Customs, I, after I file an owner's declaration, I could not withdraw those goods under my name. I am precluded from all right in that entry, and for that reason should a refund check—say that the duties were reduced and there was a refund, the refund wouldn't come to me. It would go to the Nagata Trading Co. [The owner of the merchandise.]

Although the statements concerning the collector's actions or failure to act are purely hearsay we have, as part of the official papers transmitted to the court by the collector, a memorandum from the cashier to the liquidating division as follows, in connection with allegations in the protest:

* * * First Statement is incorrect as demand was made upon Nagata Trading Co., on Dec. 1, 1941 shortly after liquidation of entry which occurred Nov. 6, 1941. Final notice sent Nagata Trading Co. 12/13/41. Upon failure to collect from Nagata Trading Co. proceeded to collect on bond in accordance with article 318 (a) of the Customs Regulations of 1937, as amended by T. D. 49658 which states "The importer of goods entered for warehousing is not only liable for the payment of increased duties as principal on the warehouse entry bond, but also by reason of his personal liability as consignee." A notice was mailed W. X. Huber Co. 1/14/42. On Mar. 23, 1942 a letter was addressed asking for prompt settlement. On the same date and on July 10, 1942 the bonding company was approached as article 318 (a) states that "sureties on the bond are liable for the payment of duties and customs charges not paid by the principal." On August 14, 1942 a letter was addressed to W. X. Huber demanding immediate payment and a copy sent the bonding company in response to which a check was received on Aug. 18, 1942 together with the attached protest.

In answer to second statement in protest, while this procedure should have been followed such action does not preclude his liability as principal on the bond and as consignee in accordance with article 318 (a), for increased duties.

His last statement is answered by our reply to the first.

Article 318 of the Customs Regulations of 1937, as amended by
T. D. 49658, is as follows:

**Art. 318. Liability of importers and sureties.**—(a) The importer of goods
entered for warehousing is not only liable for the payment of increased duties as
principal on the warehouse entry bond, but also by reason of his personal liability
as consignee.   Under the first condition of the warehouse entry bond the sureties
on the bond are liable for the payment of duties and customs charges not paid
by the principal on the bond, whether such duties and charges are finally ascer-
tained when the merchandise is withdrawn from customs custody or thereafter.

The personal liability of the importer for payment of increased
duties is in conformity with the holdings in the early cases of *United
States* v. *Campbell*, 10 Fed. 816; *Dumont* v. *United States*, 98 U. S.
142; and *United States* v. *Georgi et al.*, 44 Fed. 255.   However, in the
tariff acts of 1922 and 1930 (section 485 (d)) Congress enacted the
following provisions:

SEC. 485.

    \*        \*        \*        \*        \*        \*        \*

(d) A consignee shall not be liable for any additional or increased duties if
(1) he declares at the time of entry that he is not the actual owner of the mer-
chandise, (2) he furnishes the name and address of such owner, and (3) within
ninety days from the date of entry he produces a declaration of such owner con-
ditioned that he will pay all additional and increased duties, under such regulations
as the Secretary of the Treasury may prescribe.   Such owner shall possess all
the rights of a consignee.

Clearly this provision relieving the consignee from liability would
be a nullity if the rule in the early cases were adhered to.   Therefore,
we must construe it as an exception to the rule.   However, in the
instant case, it appears from the official papers that the collector's
demand for payment of increased duties by the consignee was based
upon the terms of the warehouse bond with which we are not concerned
and over which we have no jurisdiction.

We therefore hold that inasmuch as an owner's declaration was filed,
the consignee, the plaintiff herein, was relieved of payment of any
increased duties except in a suit on the bond.   That action not having
been taken, it is the opinion of the court, and we so hold that the
collector was in error in demanding and collecting the amount found
due as increased duties from the consignee in this case.

Although we find no express provision in the tariff act authorizing
this protest, we are constrained to follow the reasoning of the ruling
laid down by our appellate court in the case of *Eurasia Import Co.,
Inc.* v. *United States*, 31 C. C. P. A. 202, C. A. D. 273, wherein the
court, in construing section 514 of the Tariff Act of 1930, authorizing
the filing of protests in certain enumerated cases, said:

A refusal by the collector to pay a claim for drawback, or a refusal to reliquidate
under the terms of the statute, an entry for clerical error, certainly constitutes a
decision which although negative in character has all the effects of an exaction

and is subject to protest. It seems to us that a refusal to make refund of excessive duties is a negative decision, order, or finding which amounts to an exaction quite as much as a refusal to pay a claim for drawback, and we see no reason why section 514, *supra*, should be so narrowly construed with respect to the jurisdiction of the courts clothed with authority in customs matters as to deprive them of jurisdiction of a protest against such refund.

That case involved the question of the proper party to whom payment of refund should be made. Here the question involved is analogous thereto, in that it involves the proper party upon whom demand for increased duties should be made. Under the ruling, section 514, *supra*, is broad enough to clothe this court with jurisdiction in the instant case.

For the reasons above set forth, judgment will be rendered in favor of the plaintiff.