## UNITED STATES v. ST. PAUL MERCURY INDEMNITY CO.

#### Civ. No. 10283.

United States District Court
E. D. Pennsylvania.
March 30, 1951.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for plaintiff.

Sidney L. Wickenhaver, of Montgomery, McCracken, Walker & Rhoads, of Philadelphia, Pa., for defendant.

BARD, District Judge.

By this action the government seeks to recover customs duties and internal revenue taxes from the surety on a warehouse entry bond. A stipulation of all material facts has been filed, and the case is now before me on plaintiff's and defendant's motions for summary judgment.

On June 22, 1943 Mark D. Leff, principal, imported 129 barrels of whiskey at the Port of Philadelphia. Leff filed with the Collector of Customs a warehouse entry bond No. 5613 in the penal sum of $61,200, on which bond defendant, St. Paul Mercury Indemnity Company, a Delaware corporation, was the surety.

On August 16, 1943, prior to the liquidation of the entry and pursuant to Customs Regulations, Leff filed two warehouse with-

drawals for transportation in customs bond, forwarding 25 barrels of the whiskey to the Port of New York and 104 barrels to the Port of Baltimore. At this time the customs duties and internal revenue taxes were estimated at $48,879.92.

Upon the arrival of the whiskey in these ports, Leff paid the estimated duties and taxes, and the whiskey was released from customs custody prior to the liquidation of the entry.

On January 24, 1947 the entry was liquidated. The total duties and taxes were $53,993.46, thereby leaving an unpaid balance of $5,113.54.

The present whereabouts of Leff are unknown, and the government is seeking to collect this unpaid balance from defendant surety company.

■■■ The customs laws do not require that liquidation of the entry be made within any specific time, for it is the importer's primary obligation to pay the duties and taxes whenever ascertained. Dumont v. United States, 98 U.S. 142, 25 L.Ed. 65. But when the United States seeks to recover these duties and taxes from the surety, the general principles of suretyship law apply to contracts with the government the same as to those with individuals.

■■■ It is fundamental that a surety's obligation is limited to the terms of his contract, for that is the extent of his risk. The pertinent provisions of this contract, the warehouse entry bond, are:

"Now, Therefore, the Condition of This Obligation is Such That—

"(1) If within 3 years from the date of the original importation the above-bounden principal shall pay to the collector of customs the full amount of duties, taxes, charges, and exactions legally due on the said articles, which the collector is required to collect, and shall pay, on demand by the collector, any other duties, taxes, charges, and exactions found legally due on the articles subsequent to withdrawal; * * *.

"Then this obligation to be void; otherwise to remain in full force and effect."

In this case the entry was withdrawn in less than two months but was not liq-

uidated until three years and seven months after the date of the original importation. The sole question is whether, under the terms of the bond, the surety is released from all liability for duties and taxes that are not liquidated within three years from the date of original importation.

Under its power to regulate foreign and interstate commerce, Congress protects American business from competition with goods made in foreign countries with cheap labor by imposing import duties and taxes upon such goods.

■■ To insure payment the government has a lien on imported goods to the extent of these duties and taxes. To enforce this lien the goods are stored in bonded warehouses. But to facilitate the flow of imports to the ultimate consumer, the goods may be withdrawn upon payment of the estimated duties and taxes if the lien on these goods is replaced by the bond of some responsible surety.

By the terms of the bond now before me, it is void "if within 3 years from the date of the original importation the above bounden principal [Leff] * * * shall pay * * * any other duties, taxes * * * found legally due on the articles subsequent to withdrawal", otherwise the bond remains in force.

■■ As used in this bond the words "shall pay" imply that duties and taxes are payable. But before the principal can pay such duties and taxes within the three year period, these must first be determined. The obligation to liquidate the entry and to fix the amount of these duties and taxes is placed by law upon the collector of customs. United States v. Campbell, D.C., 10 F. 816, 820.

■■ The government contends that no statute sets any time limit within which the entry must be liquidated. So far as the principal's liability is concerned, this is true. However, the surety's liability is not co-extensive with the principal's but is limited according to the terms of its bond.

The statutes, insofar as they relate to the surety's liability, lend support to the defendant's interpretation of the bond, which

I accept, that the entry must be liquidated within three years from date of entry.

■ When Section 557 of the Tariff Act of 1930, as amended,[1] is read in conjunction with Section 559,[2] these provisions in effect provide that within three years from the date of original importation the importer must either pay the duties and taxes on the goods or suffer them to be abandoned to the government.

Prior statutes had similar sections. See Act of September 21, 1922, c. 356, Title IV, §§ 557, 559, 42 Stat. 977; Act of October 3, 1913, c. 16 § III, S, 38 Stat. 189; Act of August 5, 1909, c. 6, § 19, 36 Stat. 101; Act of June 10, 1890, c. 407, § 20, 26 Stat. 140; R.S. §§ 2970–2972.

■ It has been said that these statutes express the intent of Congress to secure prompt payment of duties and taxes on imported goods by limiting the time within which an importer must exercise his right to withdraw these goods from the bonded warehouse and by penalizing his failure to do so. E. g., Anglo-California Bank, Limited v. Secretary of Treasury, 9 Cir., 76 F. 742, 749, certiorari denied 166 U.S. 722, 17 S.Ct. 991, 41 L.Ed. 1188, appeal dismissed 175 U.S. 37, 20 S.Ct. 19, 44 L.Ed. 64. An inherent part of this intent is the requirement that the collector of customs liquidate the entry and determine the duties and taxes within the time allowed for withdrawal. The obviousness of this requirement and compliance therewith is probably the reason for the dearth of litigation on the precise point involved in this case. Cf. United States v. Campbell, supra, 10 F. at pages 817–821; United States v. De Visser, Ex'x. etc., D.C., 10 F. 642.

■ Therefore, I find from the words "shall pay" an implied condition precedent in the surety's bond that the government will liquidate the entry within three years from the date of the original importation.

The failure of the government to cooperate or to comply with this condition precedent, which is necessarily implied for the performance of the contract, releases the surety from liability. Stearns, Law of Suretyship, 163 (4th ed. 1934); Restatement, Contracts § 395; 3 Williston, Contracts § 887A (rev. ed. 1936); 50 Am. Jur. 1018.

If the entry had been liquidated within the three year period, the bond would have remained in full force and effect until the duties and taxes were paid. But the surety is under no obligation to compel liquidation. When the collector of customs delays making the liquidation until after the expiration of the three year period, regardless whether this delay is for seven months or seven years, the surety's right to pay the amount due and to proceed against its principal for indemnity is also postponed for that length of time.

Thus, the effect of the government's failure to comply with the implied condition precedent in the bond is to prolong the surety's risk without its consent.

■ It is fundamental that an extension of time to pay is a material alteration of the contract that discharges the surety if the extension was granted without the surety's consent. Stearns, Law of Suretyship § 81; Restatement, Security § 129 (1), Comment a; 50 Am. Jur. 944–945.

Accordingly, the defendant surety is entitled to judgment as a matter of law.

---

1. Section 557 provides in part: "(a) Any merchandise subject to duty * * * may be entered for warehousing and be deposited in a bonded warehouse * * *. Such merchandise may be withdrawn, at any time within three years from the date of importation, for consumption upon payment of the duties and charges * * *." Act of June 17, 1930, c. 497, Title IV, § 557, 46 Stat. 744, as amended by Act of June 25, 1938, c. 679, §§ 2, 22 (a), 23(a), 52 Stat. 1077, 1087, 1088, 19 U.S.C.A. § 1557(a).

2. Section 559 provides in part: "Merchandise upon which any duties or charges are unpaid, remaining in bonded warehouse beyond three years * * * from the date of importation, shall be regarded as abandoned to the Government and shall be sold under such regulations as the Secretary of the Treasury shall prescribe * * *." Act of June 17, 1930, c. 497, Title IV, § 559, 46 Stat. 744, 19 U.S.C.A. § 1559.

The plaintiff's motion for summary judgment is hereby denied. The defendant's motion for summary judgment is hereby granted.