**In re Herminio B. CABRERA, M.D. aka/dba M.D. H.B. Cabrera, Minor Emergency Medical Clinic, Debtor.**

**Bankruptcy No. 87–40743.**

United States Bankruptcy Court, D. Montana.

Feb. 25, 1988.

Paul G. Olson, Billings, Mont., for debtor.

Steven Mackey, Billings, Mont., Trustee.

John F. O'Keefe, Spec. U.S. Atty., Helena, Mont., for SBA.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Brought for hearing on January 19, 1988, was the Debtor's Motion to Avoid Lien. At trial, the only contested issue was the interpretation of Mont.Code Ann. § 25–13–609(3). The Court granted both parties fifteen (15) days to brief the issue.

Both briefs have now been filed and this matter is deemed submitted.

Section 25–13–609(3), MCA, states:

"A judgment debtor is entitled to exemption from execution of the following:

(3) the judgment debtor's interest, not to exceed $3,000.00 in value, in:

(a) any implements;

(b) professional books;  or

(c) tools of the trade of the judgment debtor or a dependent of the judgment debtor ..."

The Debtor contends that the value of $3,000.00 may be extended to each of the three sub-categories of § 25–13–609(3), for an aggregate exemption value of $9,000.00. The Small Business Administration (SBA) asserts that the $3,000.00 value is the aggregate exemption amount for all items of exempt property.  The issue stems from each party's interpretation of the statute's use of the word "or".  SBA contends there is a difference between the enrolled bill and the annotated statute.

The SBA points out, and this Court agrees that § 1–11–103(6), states that if an inconsistency exists between the words in the Montana Code Annotated and the official enrolled bill, then deference shall be given to the official enrolled bill.  The enrolled bill reads:

"Section 4.  Personal property exempt subject to value limitations.  A judgment debtor is entitled to exemption from execution of the following:

. . . . .

(3) the judgment debtor's interest, not to exceed $3,000 in value, in any implements, professional books, or tools, of the trade of the judgment debtor or a dependent of the judgment debtor; and ..."

This Court does not find any pertinent inconsistency between the official enrolled bill and the Montana Code Annotated. Both clearly use the word "or", and not the word "and", as the SBA asserts should be used.  Should an ambiguity exist, the first possible cure is to define the word's plain and well understood meaning.  *Dumont v.*

*U.S.*, 98 U.S. 142, 143, 25 L.Ed. 65 (1878). The word "or" is defined as:

"A disjunctive particle used to express an alternative or to give a choice of one among two or more things."  *Black's Law Dictionary*, 1246 (4th Ed.1957).

If the Montana Legislature had intended the $3,000.00 amount of § 25–13–609(3) to be "in aggregate" it certainly could have so stated.  In subsection (1) of the same exemption section, 25–13–609, the legislature distinctly used the words "in aggregate" to cap the amount a debtor may claim under that subsection.  This Court finds that the legislature's omission of the words "in aggregate" in subsection (3) was intentional.

The *Dumont* court stated that the word "or", when used with more than one choice, should never be used as "and" without additional words of interpretation.  This Court finds that the word "or" is meant to be used in the disjunctive, and as such the judgment debtor may exempt up to $3,000.00 in value of each item listed in 25–13–609(3)(a), (b) or (c).  Therefore, Debtor's claim of $3,000.00 for implements, as well as $3,000.00 for tools of the trade is within the statutory exemption.

IT IS ORDERED that the Debtor's Motion to Avoid Lien is granted and each lien against the exempt property of the Debtor is void pursuant to 11 U.S.C. 522(f).